# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANNA KAY PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-09-631-D |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff brought this action pursuant to 42 U.S.C. §405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying the plaintiff's applications for disability insurance and supplemental security income benefits under Title II and Title XVI of the Social Security Act, 42 U. S. C. §§416(i),423, and 1382. The matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B).

On February 25, 2010, the Magistrate Judged filed a Report and Recommendation [Doc. No. 19] in which he recommended that the Commissioner's decision be affirmed. Because Plaintiff timely objected to that recommendation, the matter is reviewed *de novo.*

This Court's review of the Commissioner's decision is limited, as the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner; instead, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. *Washington v. Shalala,* 37 F. 3d 1437, 1439-40 (10th Cir. 1994); *Castellano v. Secretary of Health & Human Servs.*, 26 F. 3d 1027, 1028 (10th Cir. 1994). Substantial evidence is

that which a reasonable person might deem adequate to support the ultimate conclusion. *Castellano*, 26 F. 3d at 1028. Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The decision of the Administrative Law Judge in a Social Security disability hearing must be supported by substantial evidence; in addition to discussing the evidence supporting his decision, the Administrative Law Judge must also discuss the uncontroverted evidence on which he does not rely and any significantly probative evidence he rejects. *Haddock v. Apfel*, 196 F. 3d 1084, 1088 (10th Cir. 1999); *Clifton v. Chater*, 79 F. 3d 1007, 1010 (10th Cir. 1996).

In this case, the Magistrate Judge found that the Commissioner correctly applied the applicable regulations to the evidence in the record in concluding that Plaintiff was not eligible for disability benefits pursuant to Title II of the Social Security Act ("Title II") or for supplemental security income benefits under Title XVI. The Magistrate Judge also found that the decision is supported by substantial evidence. As explained in detail in the Report and Recommendation, the Administrative Law Judge fully considered the evidence and concluded that, although Plaintiff had physical impairments during the relevant time period, resulting from reflex sympathetic dystrophy ("RSD"), those impairments did not render her qualified to receive Title II disability benefits. More specifically, the Magistrate Judge found that the Commissioner correctly concluded that the plaintiff retains the residual functional capacity to perform her past relevant work as an assistant vice president of an escrow agency and as an escrow agent.

As discussed in detail at pages 6 through 8 of the Report and Recommendation, the Magistrate Judge reviewed the Administrative Law Judge's decision regarding Plaintiff's residual functional capacity. That decision was based on a review of all medical evidence in the record as

well as evidence regarding the physical requirements of her past relevant work. The decision was also based in part on the Administrative Law Judge's assessment of Plaintiff's testimony regarding the intensity, persistence and limiting effects of the pain resulting from her RSD; he concluded that her testimony was not credible, and he discussed in detail the reasons for his conclusion.

Because Plaintiff challenged the propriety of the credibility assessment, the Magistrate Judge reviewed the record in detail to determine if that assessment was supported by substantial evidence in the record. His review of the evidence, explained at pages 7 through 11 of the Report and Recommendation, establishes that there is substantial evidentiary support for the Administrative Law Judge's conclusion. Furthermore, that review includes consideration of the opinions of Plaintiff's treating physicians and the medical evidence regarding her medical treatment. The Court concludes that the Magistrate Judge accurately discussed the evidence, and the Court adopts that discussion as though fully set forth herein.

In her objection to the Report and Recommendation, Plaintiff again argues that the Administrative Law Judge did not accurately assess the medical evidence. She offers no persuasive evidence or authority to support her position. She further argues the Administrative Law Judge erred in assessing her credibility and that he improperly considered Plaintiff's criminal history, including the fact that she had pled guilty to forging prescriptions to obtain pain medication. Plaintiff contends that admission of her criminal record in the hearing before the Administrative Law Judge violated the Federal Rules of Evidence. That argument was also asserted in Plaintiff's brief in support of her claim. As the Magistrate Judge explained in the Report and Recommendation, the Federal Rules of Evidence do not apply to the admission of evidence in Social Security proceedings. 42 U. S. C. § 405(b)(1)); 20 C. F. R. § § 404.950(c) and 416.1450(c). Accordingly, there is no legal

3

error in the consideration of Plaintiff's record.

The Court has reviewed in detail the Report and Recommendation, the record, and Plaintiff's objections. The Court agrees with the Magistrate Judge that the decision of the Administrative Law Judge is supported by substantial evidence in the record, and there is no legal error in that decision. Accordingly, the Court concludes that the Report and Recommendation [Doc. No. 19] should be, and is hereby, ADOPTED. The decision of the Commissioner is AFFIRMED. Judgment shall enter in favor of the Commissioner and against the Plaintiff.

IT IS SO ORDERED this 21st day of May, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE